IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID DANIEL DE LA ROSA,

    Petitioner,                     No. CIV S-01-1362 FCD JFM P

    vs.

GAIL LEWIS, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of twenty-five years to life in prison imposed under California's Three Strikes Law following petitioner's conviction on two counts of failure to appear before a court on criminal charges. This matter is before the court on respondents' motion dismiss the amended petition filed pursuant to this court's order filed April 25, 2005.[1] Respondents contend that the amended petition is time-barred.

---

[1] Respondents' motion includes reference to two exhibits, neither of which were attached thereto. Exhibit 1 is described as a petition for writ of habeas corpus filed by petitioner on December 18, 2002 in the California Court of Appeal for the Third Appellate District. (Motion to Dismiss, filed July 8, 2005, at 4-5.) Exhibit 2 is described as the order denying the petition. (Id.) On January 25, 2006, respondents filed a supplement to their motion to dismiss, appending as Exhibit 1 to the supplement both the December 18, 2002 state habeas corpus petition and the order thereon.

Section 2244(d)(1) of Title 28 of the United States Code provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted on September 24, 1998 and sentenced on October 23, 1998. (See Attachment A to Answer, filed March 8, 2002.)

2. On March 31, 2000, the California Court of Appeal for the Third Appellate District affirmed petitioner's conviction. (Attachment B to Answer.)

3. On July 19, 2000, the California Supreme Court denied review. (Attachment C to Answer.)

4. On May 29, 2001, petitioner filed an application for a writ of habeas corpus in the Sacramento County Superior Court. (Attachment G to Answer.) That petition was delivered

1  to prison officials for mailing on May 17, 2001.  (Id.)  The petition was denied by order filed
2  June 21, 2001.  (Id.)
3              5.  On July 16, 2001, petitioner filed the instant action.  The petition is dated July
4  12, 2001 and was delivered to prison officials for mailing on that date.
5              6.  On December 18, 2002, petitioner filed a petition for writ of habeas corpus in
6  the California Court of Appeal for the Third Appellate District.  (Ex. 1 to Supplement to Motion
7  to Dismiss, filed January 25, 2006.)  The petition is dated December 12, 2002.  (Id.)  On
8  February 20, 2003, that petition was denied.  (Id.)
9              7.  On January 5, 2004, petitioner filed a motion for leave to file a second petition
10 together with a proposed amended petition.  Petitioner delivered the motion and proposed
11 amended petition to prison officials for mailing on or about December 28, 2003.
12             8.  By order filed April 25, 2005, petitioner's motion to amend was granted, the
13 Clerk of the Court was directed to file the amended petition nunc pro tunc to January 5, 2004,
14 and respondents were directed to respond to the amended petition.
15             Petitioner's conviction became final on October 17, 2000, ninety days after the
16 California Supreme Court denied petitioner's petition for review.  See Bowen v. Roe, 188 F.3d
17 1157, 1158-59 (9th Cir. 1999).  The instant action was filed on July 12, 2001, within the one year
18 limitation period.[2]  Petitioner's amended petition, however, was not filed until December 28,
19 2003.[3]
20             On May 17, 2001, when petitioner filed his first state habeas corpus petition, 208
21 days had run on the federal limitations period.  Arguably, the federal statute of limitations was
22 tolled from May 17, 2001, when petitioner filed his first state habeas corpus petition, until

---

[2] This action is deemed filed on the date the original petition was delivered to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988).  See footnote 1, supra.

[3] The court deems the amended petition filed on the date that it was delivered to prison officials for mailing.  See footnote 1, supra.

1  February 20, 2003, when the state court of appeal denied the habeas corpus petition filed in that

2  court.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).[4]  However, after the latter

3  petition was denied only 157 days remained in the limitation period.  Petitioner did not file his

4  amended petition until December 28, 2003, 311 days after the state court of appeals denied the

5  petition filed in that court.  The amended petition was, therefore, filed 154 days after the federal

6  statute of limitations expired.

> The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with "leave of court" any time during a proceeding. See Fed. Rule Civ. Proc. 15(a).  Before a responsive pleading is served, pleadings may be amended once as a "matter of course," i.e., without seeking court leave.  Ibid.  Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence." Rule 15(c)(2).

Mayle v. Felix, ___ U.S. ___, 125 S.Ct. 2562, 2569 (2005).  In Mayle, the United States Supreme Court held that claims raised in amended habeas corpus petition relate back to the filing of the amended petition only "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts."  Mayle, 125 S.Ct. at 2574.  The fact that the claims arise from the same trial, conviction or sentence, without more, is insufficient to support relation back of the claims.  Id. at 2571-72.

In his original petition, petitioner claims that his right to due process was violated by the trial court's failure to exercise discretion under People v. Superior Court (Romero), 13

---

[4] In Bunney v. Mitchell, 262 F.3d 973 (9th Cir. 2000), the United States Court of Appeals for the Ninth Circuit, citing Rule 24 of the California Rules of Court, held that the federal statute of limitations is tolled for thirty days after a issuance of a decision by the California Supreme Court denying a habeas corpus petition because the relevant provision of the California Rules of Court stated that such a decision is final thirty days after it is issued.  It is not clear that thirty day rule applies to the state habeas petition filed by petitioner in the state court of appeal.  See Rule 24(b), California Rules of Court.  Even if the Court of Appeals' denial of petitioner's writ of habeas corpus was not final for an additional period of thirty days, however, petitioner's amended federal petition was still filed outside the one year limitation period.

Cal.4th 497 (1996) to strike one of petitioner's prior convictions before imposing sentence on petitioner. Petitioner also claims, obliquely, that his sentence is disproportionate to the offense for which he was convicted. (See Petition filed July 16, 2001, at 5.) Petitioner also raises a claim under the California Constitution challenging the alleged failure of the California Attorney General to fulfill his obligation to enforce the laws of the state of California by failing to ensure that petitioner's constitutional rights were protected. (Id. at attachment following page 5.) Finally, petitioner claims that he received ineffective assistance of appellate counsel when his attorney failed to raise "these issues" on direct appeal. (Id. at 6.)

Petitioner raises several additional claims in the amended petition, all of which were contained in his May 3, 2000 petition for review to the California Supreme Court. (See Attachment to Amended Petition; Attachment D to Answer.) First, he claims that his right to due process was violated by trial court error in allowing a burglary charge to be joined with two counts of failing to appear. Second, he claims that there was insufficient evidence to support the convictions where there was no court order to appear. Third, he contends that his constitutional rights were violated by the trial court's denial of counsel's request to argue as a defense that petitioner had not been ordered by the court to appear. Fourth, he argues that his right to due process was violated by the trial court's decision to give a flight instruction. Finally, he claims that his sentence of twenty-five years to life in prison constitutes cruel and unusual punishment in violation of both the California and the United States Constitutions.

With the exception of his claim that his sentence is cruel and unusual punishment, none of petitioner's claims arise from a "core of operative facts" shared with the claims raised in his original petition. For that reason, in accordance with the decision announced in Mayle, supra, petitioner's first four claims do not relate back to the filing of the original petition and are therefore barred by the statute of limitations.[5]

---

[5] The fact that the newly added claims were all included in petitioner's May 3, 2000 petition for review to the California Supreme Court does not save the claims from the statute of

1    Petitioner's Eighth Amendment claim that his three strikes sentence is cruel and
2 unusual punishment does, however, rise from the same "core of operative facts" as the claims
3 raised in the original petition.  Therein, petitioner cites Weems v. U.S., 217 U.S. 544, 549 (1910)
4 for the proposition that "punishment for crime should be graduated and proportioned to offense."
5 (Petition, filed July 16, 2001, at 5.)  At the cited page, the Weems case addresses the concept of
6 cruel and unusual punishment under the Phillipine Bill of Rights, which the Court specifically
7 identifies as "taken from the Constitution of the United States."  Weems, at 549.  Petitioner's
8 Eighth Amendment challenge to his sentence is sufficiently related to the claims raised in his
9 original petition to relate back to the filing of that petition.  This court will therefore recommend
10 that respondents' motion to dismiss be denied as to that claim and that respondents be directed to
11 answer petitioner's Eighth Amendment claim.

12    For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

13    1. Respondents' July 8, 2005 motion to dismiss petitioner's amended petition be
14 granted as to the first four claims for relief raised therein and denied as to petitioner's Eighth
15 Amendment claim that his sentence is cruel and unusual punishment;

16    2. Respondents' be directed to answer petitioner's Eighth Amendment claim
17 within thirty days from the date of any order by the district court adopting these findings and
18 recommendations; and

19    3. Petitioner's traverse be due not later than thirty days after service of
20 respondents' answer.

21 /////

---

limitations bar.  The "central policy" of Rule 15(c) is to ensure that the party against whom proposed amended claims are asserted has "sufficient notice of the facts and claims giving rise to the proposed amendment."  Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000).  In order for Rule 15(c) to apply, the opposing party must receive notice of the facts and claims within the operative limitations period.  See id. (citing United States v. Craycraft, 167 F.3d 451 (8th Cir. 1999).  Here, nothing in the original petition filed in this court gave notice that petitioner intended to proceed in this court on claims that he had raised earlier in the California Supreme Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
dela1362.mtd