IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID DANIEL DE LA ROSA,

    Petitioner,　　　　　　　　　No. CIV S-01-1362 FCD JFM P

  vs.

CALDERON, Warden, et al.,　　　　　ORDER AND

    Respondents.　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his rights under the Eighth Amendment have been violated by the sentence of twenty-five years to life in prison imposed under California's Three Strikes Law following his 1998 conviction on two counts of failure to appear in violation of California Penal Code § 1320.5.[1]

### FACTS[2]

> [Petitioner] was charged with burglary (Pen. Code, § 459).[3] [Footnote omitted.] When he failed to appear in court on August 20, 1997, on the burglary charge after posting bail, the trial court

---

[1] This action is proceeding on petitioner's amended petition, filed January 5, 2004. By order filed February 24, 2006, four of the five claims raised in the amended petition were dismissed as barred by the statute of limitations.

[2] The statement of facts is taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Delarosa, No. C030980 (Mar. 31, 2000), a copy of which is attached as Exhibit B to the answer to the original petition, filed by respondents on March 8, 2002.

[3] References to a section are to the Penal Code.

1

>issued a warrant but stayed the warrant until [petitioner]'s trial date, August 27, 1997.  When [petitioner] failed to appear on that date as well, the court lifted the stay.
>
>Thereafter, the prosecution brought a separate action for failure to appear.  (§ 1320.5.)  The prosecution moved to consolidate the two informations, and the motion was granted.
>
>The jury declared a mistrial as to the burglary count, but found [petitioner] guilty as to the two failure to appear charges.  The court found true allegations that [petitioner] had suffered three prior serious felonies.  The court sentenced [petitioner] to a 25-year to life term under the Three Strikes law.  (§§ 667, subd. (d), 1170.12, subd. (b).)

(People v. Delarosa, slip op. at 1-2.)

## ANALYSIS

I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle

from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claim

Petitioner claims that his sentence of twenty-five years to life constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Petitioner contends that his sentence of 25 years to life imprison, imposed on his conviction of failure to appear, is cruel and unusual punishment because it is "grossly disproportionate" to the offense. In support of this claim, petitioner points to the fact that he was not convicted of the underlying burglary charge and that another person confessed to that charge. He also notes there was no court order to appear, the offenses were non-violent, and that they could have been punished by as little as a fine or time in the county jail, and that his age of 43 militates against such a long sentence because by the time he is released he is unlikely to offend again. (Attachment to Amended Petition, at 25-26.)

The last reasoned rejection of this claim is the decision of the California Court of Appeal for the Third Appellate District on petitioner's direct appeal. The state court of appeal rejected the claim as follows:

> [Petitioner] has a long criminal career. He was convicted in 1975 of petty theft. In 1978, he was convicted of shoplifting and aggravated robbery with a deadly weapon in the state of Texas. He was sentenced to five years in prison, and was paroled in December, 1980. In 1982, [petitioner] was convicted in Texas of attempted criminal trespass of a habitation. In 1986, he was convicted in California of Assault with a deadly weapon and sentenced to five years in prison. He was paroled in December 1989. In 1991, [petitioner] was convicted of first degree burglary and sentenced to six years in prison. In 1994, [petitioner] was charged with spousal abuse and pled guilty to misdemeanor spousal abuse (§ 273.5). He was placed on three years probation. His probation was revoked in 1997. As the court stated, [petitioner]'s history of criminality was significant and ongoing.
>
> . . . .
>
> In Harmelin v. Michigan, 501 U.S. 957 (1991), the Supreme Court addressed whether the Eighth Amendment includes a proportionality guarantee in noncapital cases. Two justices determined the Eighth Amendment contains no proportionality guarantee. (Id. at p. 965.) Three justices found the amendment included a narrow proportionality principle that forbids only extreme sentences that are "grossly disproportionate" to the crime. (Id. at p. 1001.) The court found [petitioner]'s sentence of life without possibility of parole for possession of a large quantity of drugs was not cruel or unusual. In Rummel v. Estelle, 445 U.S. 263 (1979), the Supreme Court of the United States upheld a life sentence imposed under a Texas recidivist statute for a defendant convicted of obtaining $120.75 by false pretenses after incurring previous convictions for fraudulent use of a credit card and passing a forged check. (Id. at p. 266 . . . .) The court described the Texas statute as "nothing more than a societal decision that when such a person commits yet another felony, he should be subjected to the admittedly serious penalty of incarceration for life, subject only to the State's judgment as to whether to grant him parole." (Id. at p. 278 . . . ., fn. omitted.) [Petitioner]'s sentence, as the sentences in Harmelin and Rummel, is neither cruel nor unusual.

(People v. Delarosa, slip op. at 11-12, 14-15.)

Petitioner is only entitled to relief in this action if the California Court of Appeal's decision was "contrary to, or involved an unreasonable application of, clearly established federal law." See 28 U.S.C. § 2254(d)(1). The "only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle." Lockyer v. Andrade, 538 U.S. 63, 73 (2003). This principle requires a reviewing

court to decide whether the harshness of a particular punishment gives rise to "an inference of gross disproportionality" vis-à-vis the nature of the crime for which a defendant has been sentenced. Harmelin v. Michigan, 501 U.S. 957, 1005 (1991). "[S]uccessful challenges to the proportionality of particular sentences should be exceedingly rare." Hutto v. Davis, 454 U.S. 370, 374 (1982).

Although the court is not unsympathetic to petitioner's contention that a sentence of twenty-five years to life in prison for failing to appear for trial on criminal charges which ultimately did not result in a conviction is inhumane, controlling principles of federal law preclude habeas corpus relief in this case. Failure to appear is a felony under California law, see Cal.Penal Code § 1320.5 , which the California legislature allows to trigger Three Strikes sentencing. See Cal.Penal Code § 667(e). The Supreme Court gives legislatures "broad discretion to fashion a sentence that fits within the scope of the proportionality principle." Andrade, 538 U.S. at 76. Unlike the criminal histories in cases in which a sentence has been overturned as grossly disproportionate, at least one of petitioner's past strikes involved violence. Cf. Solem v. Helm, 463 U.S. 277, 297 (1983) ("all [of Helm's convictions] were nonviolent and none was a crime against a person"); Ramirez v. Castro, 365 F.3d 755, 768 (9th Cir.2004) (Ramirez's strikes "were nonviolent in nature").[4]

For the foregoing reasons, this court cannot find that the California courts' rejection of petitioner's Eighth Amendment claim was contrary to or an unreasonable application of applicable principles of federal law. Accordingly, petitioner's application for writ of habeas corpus should be denied.

/////

---

[4] Although the state court of appeal referred to two prior convictions suffered by petitioner in the state of Texas, those prior convictions were not used by the trial judge to support the three strike sentence. The record reflects that the trial court granted petitioner's motion to strike the Texas conviction that had been pleaded as a strike. (See Attachment A to Answer, filed Mar. 8, 2002, at 2.) Petitioner's third strike sentence was predicated only on the two California prior convictions, one of which was for assault with a deadly weapon. (Id.)

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's September 8, 2006 request for an extension of time is granted;

2. Petitioner's September 13, 2006 traverse is deemed timely filed; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 7, 2006.

UNITED STATES MAGISTRATE JUDGE

12;dela1362.157